NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**VICTOR WILLIAMS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7116

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-348, Judge William A. Moorman.

---

Decided: November 15, 2011

---

VICTOR WILLIAMS, Dumfries, Virginia, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of coun-

sel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and THOMAS HERNANDEZ, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————————

Before RADER, *Chief Judge*, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Victor Williams ("Williams") appeals from the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). That court affirmed the denial by the Board of Veterans' Appeals ("Board") of his claim of clear and unmistakable error ("CUE") in a 1993 disability rating decision. We *affirm in part, vacate in part, and remand*.

## BACKGROUND

On February 18, 1993, while on active duty, Williams had his right kidney removed for cancer treatment. He continued on active duty until July 26, 1993. In September 1993, approximately seven months after the surgery, a Department of Veterans Affairs Regional Office ("RO") applied Diagnostic Codes ("DC") 7528 and 7500 in 38 C.F.R. § 4.115a (1993) to grant Williams a 100 percent disability rating until February 1994 (one year after his surgery), and a 30 percent disability rating thereafter (for his removed kidney), effective March 1, 1994. Williams filed a Notice of Disagreement but did not perfect his appeal. In December 2005, Williams filed a claim alleging CUE in this 1993 decision. In its 2009 decision, the Board found no CUE, and the Veterans Court affirmed. *Williams v. Shinseki*, No. 09-0348, 2010 WL 5421350, at *3 (Vet. App. Dec. 28, 2010). Williams then filed this appeal.

## DISCUSSION

Under 38 U.S.C. § 7292(c), our jurisdiction to review Veterans Court decisions is limited to "challenge[s] to the validity of any statute or regulation or any interpretation thereof." We may not review "a challenge to a factual determination" unless the appeal presents a constitutional issue. *Id.* § 7292(d)(2). A final RO decision may be attacked collaterally if "the evidence of record at the time of the original decision" establishes a CUE that is "outcome determinative." *Cook v. Principi*, 318 F.3d 1334, 1344 (Fed. Cir. 2002) (en banc); *see* 38 U.S.C. § 5109A.

Williams argues that there is CUE in the 1993 RO decision to reduce his disability rating because the decision violated 38 C.F.R. § 4.115a DC 7528 (1993). This provision states:

> The rating under code 7528 will be continued for 1 year following the cessation of surgical, X-ray antineoplastic chemotherapy or other therapeutic procedure. *At this point*, if there has been no local recurrence or metastases, the rating will be made on residuals, minimum 10 [percent disability rating].

*Id.* (emphasis added). This regulation was amended, effective February 14, 1994, to require a "mandatory VA examination at the expiration of six months" and to state that "any change in evaluation" should be "based upon that or any subsequent examination." 38 C.F.R. § 4.115b DC 7528 (1994); 59 Fed. Reg. 2523, 2527 (Jan. 18, 1994).

Williams's argument is that the RO committed CUE by making a rating on residuals in September 1993, when the effective regulation stated that the 100 percent "rating under code 7528 *will be continued for 1 year*" and that "*[a]t this point* . . . the rating will be made on residuals."

38 C.F.R. § 4.115a DC 7528 (1993) (emphasis added). Williams argues that the RO should have waited until March 1994—one year after his surgery—to make a rating on residuals, and that had the RO done so, it would have been required under the amended regulation to base this rating on a medical examination. *See* 38 C.F.R. § 4.115b DC 7528 (1994).

This issue was properly raised below in both Williams's opening and reply briefs before the Veterans Court. *See* Brief of the Appellant at 7-8, *Williams v. Shinseki*, 2010 WL 5421350 (arguing that "the plain language" of the 1993 regulation "referred to an assessment 'at this point,' *i.e.* at the end of the one-year 100% rating period" and that "[t]he Board ignored this problem of the timing of the RO's assessment"); Reply Brief of the Appellant at 3, *Williams v. Shinseki*, 2010 WL 5421350 (arguing that the amended regulation for DC 7528 had "an explicit examination requirement . . . by the end of February 1994 when Mr. Williams's condition *should* have been evaluated"). However, this issue was not addressed by the Veterans Court or by the government in its informal brief in this Court. Without the benefit of briefing by the government or a decision by the Veterans Court we are reluctant to address this issue. We therefore vacate and remand for the Veterans Court to address whether the 1993 regulation for DC 7528 required the rating on residuals to be made at the end of one year, rather than, as here, only seven months after Williams's surgery, and, if so, whether a medical examination was required. Even if the Veterans Court determines that the RO was required to wait until one year after Williams's surgery to address his rating for residuals, Williams, of course, would still be required to show that this error was outcome determinative, *see Cook v. Principi*, 318 F.3d at

1344, an issue that is beyond our jurisdiction, *see* 38 U.S.C. § 7292(d)(2).

Williams's remaining arguments are without merit, and we affirm as to these issues. First, he argues that the regulation in effect in 1993 itself required a medical examination to make a rating on residuals. The plain text of the regulation, however, includes no such requirement. Second, he contends that the VA denied him due process by not complying with its regulations. But arguing that an action was contrary to regulations does not raise a constitutional issue. *See Guillory v. Shinseki*, 603 F.3d 981, 987-88 (Fed. Cir. 2010).

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED.**

COSTS

No costs.